UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REYNOLDS FORD, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-19-912-G<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is the Motion to Dismiss (Doc. No. 10) filed through counsel by Defendant Reynolds Ford, Inc. Plaintiff Advanta-STAR Automotive Research Corporation of America ("Advanta-STAR") has responded in opposition (Doc. No. 20), and Defendant has replied (Doc. No. 21). Having reviewed the parties' submissions and the relevant record, the Court makes its determination.

### BACKGROUND

Plaintiff brings this action under the Copyright Act, 17 U.S.C. §§ 101 et seq., seeking injunctive relief and damages for the alleged infringement of its protected works. Plaintiff claims that it holds valid copyrights to certain automobile reviews and other automobile-related information that it sells or licenses to dealerships for educational and sales purposes (the "Content"). *See* Compl. ¶¶ 8-11. According to Plaintiff, Defendant placed Plaintiff's Content on its webpages after intentionally modifying the Content to conceal its source. *See id.* ¶¶ 15, 20. Plaintiff further contends that Defendant removed Plaintiff's notices of copyright ownership from the Content and replaced them with

copyright notices indicating its own ownership, in violation of Title 17, Section 1202 of the United States Code. *See id.* ¶¶ 20, 33-35.

## STANDARD OF DECISION

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

To establish copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1138 (10th Cir. 2016) (internal quotation marks omitted) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Defendant contends that Plaintiff's copyright infringement claims are deficient in several respects.

> I.      *Identification of the Copyrights at Issue*

Defendant first argues that Plaintiff failed to identify the protected works allegedly infringed with the specificity necessary to provide Defendant with fair notice of its claim. *See* Def.'s Mot. at 1-4; Def.'s Reply at 1-3. In its Complaint, Plaintiff described the copyrighted materials as "detailed reviews and other information regarding automobiles and their features." Compl. ¶ 8. Plaintiff provided the registration numbers of the copyrights at issue and attached to the Complaint copies of Defendant's webpages that allegedly infringe upon those copyrights. *See id.* ¶ 11 ("The Content is protected by U.S. copyrights, including registration numbers TX 8-761-015, TX 8-760-971, TX 8-760-975.").

Defendant relies primarily on *Marshall v. McConnell*, No. Civ.A. 3:05-CV-1062L, 2006 WL 740081 (N.D. Tex. Mar. 23, 2006), and *Palmer Kane LLC v. Scholastic Corp.*, No. 12 Civ. 3890(TPG), 2014 WL 1303135 (S.D.N.Y. Mar. 31, 2014), to suggest that Plaintiff's identification of its copyrights was deficient. Neither decision, however, prescribes greater specificity than that supplied in Plaintiff's Complaint. In *Marshall*, the court found that the plaintiff's "broad reference to 'certain legal treatises and forms' [was] inadequate to give [the defendants] notice of the documents they purportedly infringed." *Marshall*, 2006 WL 740081 at *4. Unlike the present action, however, there was no indication that the complaint included the copyright registration numbers of the infringed works. In *Palmer Kane*, the court determined that the plaintiff had failed to adequately

allege the protected works at issue because the list of works provided with the complaint was not exhaustive.  *See Palmer Kane LLC.*, 2014 WL 1303135, at *3.  Contrary to the plaintiff in *Palmer Kane*, however, Plaintiff attests that it "has predicated its copyright infringement claim exclusively on the works identified in the Complaint, and has not alleged that there are other, additional copyrighted works that [Defendant] infringed."  Pl.'s Resp. at 6.  The allegations in the Complaint, viewed in Plaintiff's favor, do not contradict this assertion.

      Defendant also submits that to plausibly allege copyright infringement, Plaintiff was required to attach the pertinent copyright registrations to the Complaint and state the first dates of publication of the works at issue, rather than merely list the registration numbers in the body of the Complaint.  *See* Def.'s Mot. at 4 n.4 (citing *Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167 (D. Utah 2016)).  The Court disagrees that the pleading standard requires the level of specificity that Plaintiff seeks.  *See MiraCorp, Inc. v. Big Rig Down, LLC*, No: 08-2673-KHV, 2009 WL 10688833, at *2 (D. Kan. Oct. 15, 2009) (rejecting argument that copyright infringement claim was deficient because the complaint did not include a copy of the copyright registration certificate); *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 966 (N.D. Tex. 2006) (finding that the defendant's failure to identify each copyrighted work by its registration number or attach certificates of registration to its complaint did not merit dismissal); *see also Kindig It Design, Inc.*, 157 F. Supp. 3d. at 1182 (noting that the plaintiff's failure to attach the copyrighted works to its pleading "does not merit dismissal" and that "the discovery process will easily provide [the defendant] with access to the specific copyrighted materials").

The Court finds that Plaintiff's description of the copyrighted works, supplied in conjunction with the relevant copyright registration numbers, is sufficient to satisfy Plaintiff's pleading burden and withstand Defendant's Rule 12(b)(6) challenge.

II.     *Secondary Liability*

Defendant next seeks dismissal of any claims of vicarious or contributory copyright infringement alleged in the Complaint. Though the Copyright Act "does not expressly render anyone liable for infringement committed by another," *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984), two doctrines of secondary liability—namely, vicarious infringement and contributory infringement—have "emerged from common law principles and are well established in the law." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Thus, a copyright owner may bring an infringement action not only against the individual or entity engaging in the unauthorized use of protected material, but also against "vicarious" and "contributory" infringers. "One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id.* (citations omitted).

   a. Vicarious Copyright Infringement

In its pleading, Plaintiff alleges that Defendant "has, without authorization from Plaintiff . . . , made or had made numerous infringing and unauthorized copies of the Content." Compl. ¶ 25. Citing this paragraph, and noting that it is "unclear whether the Complaint alleges a claim of indirect copyright infringement," Defendant argues that Plaintiff's claim of vicarious copyright infringement, if any, should be dismissed because

5

none of the elements were plausibly pled.  Def.'s Mot. at 5.  Plaintiff responds that it has alleged that Defendant "is liable for *direct* copyright infringement by unlawfully publishing—or having someone else publish—[Plaintiff's] copyrighted car comparisons on [Defendant's] website" but has not asserted a claim for vicarious copyright infringement.  Pl.'s Resp. at 8 (citation omitted).  In view of Plaintiff's representations, the Court finds that no claim for vicarious copyright infringement has been asserted and denies Defendant's request for dismissal on that ground.

      b.  Contributory Copyright Infringement

Plaintiff contends, however, that its allegation that Defendant "made or had made" infringing copies of the Content is sufficient to plausibly allege contributory infringement. *See id.* ("[T]he Complaint clearly contemplates that [Defendant] either made the copies itself or had a third party do so on its behalf.").

The Tenth Circuit has explained that "[c]ontributory copyright infringement is derivative of direct copyright infringement . . . [and] occurs when the defendant causes or materially contributes to another's infringing activities and knows of the infringement." *Savant Homes, Inc*, 809 F.3d at 1146 (internal quotation marks omitted).  Accordingly, "there can be no contributory infringement without a direct infringement" by another.  *Id.* (alteration and internal quotation marks omitted); *see La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181 (10th Cir. 2009); *Capitol Records, Inc. v. Foster*, No. Civ. 04-1569-W, 2007 WL 1028532, at *3 (W.D. Okla. Feb. 6, 2007) (explaining that contributory copyright infringement requires direct infringement by a third party).

In this case, direct infringement by a *third* party has not been plausibly pled. Plaintiff's sole relevant allegation—that Defendant may have "had made" infringing copies of the Content—is devoid of factual context. Compl. ¶ 25. Plaintiff does not identify the third party or parties or substantiate its allegation of third-party involvement with factual allegations relating specifically to the third-party's conduct. The Court cannot "draw [a] reasonable inference" of Defendant's liability for the derivative contributory copyright infringement when the predicate third-party direct infringement has not been adequately alleged. *Iqbal*, 556 U.S. at 678; *see La Resolana Architects, PA*, 555 F.3d at 1181 ("Because La Resolana failed to establish that Reno, Inc. infringed its copyright, La Resolana's claim of indirect infringement against SWIT necessarily fails.").

Accordingly, the Court finds that Plaintiff has failed to state a plausible claim against Defendant for contributory copyright infringement.

### III. Removal and Falsification of Copyright Management Information

Plaintiff alleges that Defendant violated 17 U.S.C. § 1202(a) and (b) by replacing Plaintiff's copyright management information ("CMI") with its own prior to publishing the Content on its website. *See* Compl. ¶¶ 32-37. As relevant here, subsection 1202(c) defines CMI as "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," that is "conveyed in connection with copies . . . of a work." 17 U.S.C. § 1202(c).

#### a. Distribution of False CMI

Defendant seeks dismissal of Plaintiff's claim of unlawful distribution of false CMI under § 1202(a), which provides that "[n]o person shall knowingly and with the intent to

induce, enable, facilitate, or conceal infringement . . . provide copyright management information that is false, or . . . distribute . . . copyright management information that is false." *Id.* § 1202(a).  Defendant argues that its copyright designation ("Copyright © 2019 FordDirect.  All Rights Reserved."), which is located at the bottom of the webpages submitted in Exhibit 1 of the Complaint, does not qualify as CMI under the statutory definition of that term.  Specifically, Defendant submits that its copyright designation is not "conveyed in connection with" the allegedly infringed Content because it is located in a "generic website footer" rather than "near or next to" the allegedly infringed Content.  17 U.S.C. § 1202(c); Def.'s Mot. at 6-7 (internal quotation marks omitted).

Defendant cites two district court cases supporting the proposition that copyright information contained in a generic footer at the bottom of a webpage is not information "conveyed in connection with" the copyrighted material.  *See* Def's Mot. at 6-7 (citing *SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona, Inc.*, 344 F. Supp. 3d 1075 (D. Ariz. 2018) and *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920 (N.D. Ill. 2013)).  In these cases, however, the infringed works were either photographs displayed on the defendant's website or poems printed on personalized gift items displayed on the defendant's website.  Neither case presents the circumstances here, where the alleged copyrighted work is the text comprising the body of the webpages.  The distinction is appreciable when considering the relative degrees of removal between footer and copyrighted work.  *Cf. Personal Keepsakes, Inc.*, 975 F. Supp. 2d at 929 ("Where the only CMI displayed by [the defendant] appears on the website's footer, not on the [poems] or images [of the gift items] themselves, the only conclusion the Court can reach about the

8

copyright notice at the bottom of [the defendant's] . . . website is that it has some intellectual property rights in its own website, not that it is claiming ownership of a copyright to all of its products.").

Moreover, the conclusion reached in *SellPoolSuppliesOnline.com* and *Personal Keepsakes* is by no means universal. *See, e.g.*, *Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *13 (D. Kan. Dec. 9, 2015) ("The Court does not believe that the phrase 'conveyed in connection with copies . . . of the work' requires that the information be located immediately adjacent to the image to qualify as CMI."); *Janik v. SMG Media, Inc.*, No. 16 Civ. 7308 (JGK) (AJP), 2018 WL 345111, at *12 (S.D.N.Y Jan. 10, 2018) (noting that the legislative history of section 1202 explained that "[t]he term 'conveyed' is used in its broadest sense . . . [and] merely requires that the information be accessible in conjunction with, or appear with, the work being accessed").

Defendant, therefore, has not shown that Plaintiff's claim for unlawful distribution of false CMI was inadequately pled.

      b. <u>Removal of CMI</u>

Defendant additionally seeks dismissal of Plaintiff's claim under § 1202(b). Subsection 1202(b) provides, in relevant part, that "[n]o person shall . . . intentionally remove or alter any copyright management information, [or] . . . distribute . . . copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law." 17 U.S.C. § 1202(b). Referencing its earlier argument, Defendant submits that "it cannot possibly be said that [Plaintiff] has plausibly alleged the existence of [CMI] on the infringed work, let

alone knowing removal of the same" because Plaintiff failed to adequately identify those works. Def.'s Mot. at 6 (alterations and internal quotation marks omitted).

The Court has rejected Defendant's underlying argument that Plaintiff failed to adequately identify the copyrights at issue. *See supra* Section I. Moreover, the Complaint contains multiple allegations of CMI removal. *See, e.g.*, Compl. ¶¶ 15 ("[T]he copyright notices and all references to Plaintiff . . . had been removed."), 20 ("Defendant . . . purposely removed Plaintiff['s] copyright notices from the Content Defendant has copied."), 33 ("Defendant deleted all copyright information from the Content before publishing the Content on Defendant's website. This copyright information included copyright notices identifying Plaintiff . . . as the owner of the Content."), 35 ("Defendant intentionally . . . removed copyright management information[] and distributed copyright management information and copies of the Content knowing that copyright management information had been removed or altered."). The Court finds these allegations sufficient to state a plausible claim for relief under § 1202(b).[1]

---

[1] In its Reply, Defendant additionally argues that Plaintiff's § 1202(b) claim fails because "[Plaintiff's] Response makes clear that only copying of certain copyrighted elements—as opposed to the duplication of an entire work—is alleged." Def.'s Reply at 5. At this stage, however, the Court's analysis is constrained to the well-pleaded allegations in the Complaint, including that Defendant's webpages "contained substantially the same content as [Plaintiff's] copyrighted content." Compl. ¶ 15. Moreover, the case cited by Defendant does not support the argument that only exact and entire duplication supports a claim for CMI removal. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 609 (S.D.N.Y. 2018) (noting that "claims of removal of CMI have been viable" where "the underlying work has been *substantially* or entirely reproduced" (emphasis added)).

CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 30th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge